UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE


HEATHER SCHAFFER,                   )
                                    )
        Plaintiff                   )
                                    )
        v.                          )
                                    )   CIVIL NO:
THE HARTFORD                        )
                                    )
        and                         )
                                    )
HARTFORD LIFE AND ACCIDENT          )
  INSURANCE COMPANY,                )
                                    )
        Defendants                  )
                                    )


COMPLAINT


JURISDICTION


This Court has subject matter jurisdiction in this claim by 29 U.S.C. § 1132 (a) because the

claim is brought under the Employee Retirement Income Security Act ("ERISA") seeking

benefits under a long-term disability policy the terms of which are provided in The Hartford and The

Hartford Life and Accident Insurance Company, Policy Number: GLT-678029.

Plaintiff also seeks Judgment on a claim by Defendants of an overpayment.

This Court has personal jurisdiction over Defendants by 29 U.S.C. §1132 because the Plan

1

is administered in Maine.

## FACTS

1. Plaintiff was an experienced registered nurse who loved her work before she became totally disabled due to unremitting Sciatica, left side, nerve pain despite a discectomy in 2016.

2. She is only 48 years old and has and continues to suffer even though she has tried many treatments and medications.

3. She cannot sit or stand for more than 10 to 15 minutes at a time without crippling pain.

4. The Hartford paid long-term disability benefits (LTD) benefits from 10/26/2016 through 8/31/2020 when it abruptly and for no valid reason terminated her benefits.

5. These benefits were reinstated through a successful mediation after she filed a Complaint.

6. Defendants again abruptly and for no valid reason terminated her long-term disability benefits as of 8/16/2024. Plaintiff appealed and the denial on Appeal was communicated to her by letter dated 10/8/2025.

7. Plaintiff also Appealed the Defendants' Claim for Overpayment by letter dated 2/28/2025 requesting additional proof of the overpayment. Defendants have not provided additional proof.

8. In connection with the earlier denial on 8/31/2020, Plaintiff submitted an Appeal including an Independent Medical Review with Addendum by Dougas Pavlak, MD, Board certified in Physical Medicine, Records of the American Pain Institute, physical therapy and a Vocational Report by Charles Galarraga at Seacoast Rehabilitation.

9. In response to the denial of benefits in this case, of 8/16/2024, Plaintiff submitted updated records to Dr. Pavlak. Dr. Pavlak concluded that Plaintiff had experienced no improvement since his IME and report and that she continues to be totally disabled.

2

10. In response to the denial of benefits in this case, of 8/16/2024 Plaintiff submitted updated records to Charles Galarrraga at Seacoast Rehabilitation. Mr. Galarraga concluded that Plaintiff had experienced no improvement since his original Vocational Report and continues to be totally disabled from any occupation.

## COUNT I
### 29 U.S.C. § 1132 (a)(1)(B)

11. Plaintiff restates paragraphs 1 through 10.

12. Plaintiff is entitled to enforce her rights under the terms of the Plan.

13. The Hartford must pay to Plaintiff past long-term disability benefits because she was and continually has been totally disabled according to the definition in the Plan.

15. Plaintiff seeks to clarify her rights to future benefits under the terms of the Plan.

16. Plaintiff seeks all appropriate equitable relief so as to make her whole under the terms of the Plan including attorney's fees and costs.

## COUNT II
### 29 U.S.C. § 1132(a)(3)

17. Plaintiff restates paragraphs 1 through 16.

18. Plaintiff seeks to enjoin The Hartford from continuing to claim an overpayment.

19. Plaintiff seeks to clarify her rights to future benefits under the terms of the Plan.

20. Plaintiff seeks all appropriate equitable relief so as to make her whole under the terms of the Plan, attorney's fees, and costs.

## COUNT III
### LIFE WAIVER OF PREMIUM

3

21. Plaintiff restates paragraphs 1 through 20.

22.  The Hartford must provide the life waiver of premium benefit because Plaintiff has been continually, totally disabled according to the terms of the waiver of premium for disability.

23.  Plaintiff is entitled to a waiver of life insurance premium because she is disabled according to the definition of disability for this benefit.

DATED:  June 17, 2026

*Gisele Nadeau*
/s/ Gisele M. Nadeau
55 Pleasant Ave.
Portland, ME 04103
207-671-0327
Bar Number: 003692

gisele@gmn-law.com

4